IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

                            v.

GREGG SMITH,
MICHAEL NOWAK,
JEFFREY RUFFO, and
CHRISTOPHER JORDAN,

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 19-cr-00669

Hon. Edmond E. Chang

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT
EXHIBITS RELATING TO CFTC ENFORCEMENT ACTIONS
AGAINST MOORE CAPITAL AND CHRISTOPHER PIA**

Defendants Gregg Smith, Michael Nowak, Jeffrey Ruffo, and Christopher Jordan respectfully move to exclude GX 377, GX 378, GX 379, and GX 380 (the "CFTC Moore Documents" or the "Proposed Exhibits") under Rule 402 and Rule 403 of the Federal Rules of Evidence. These documents pertain to a trio of enforcement actions brought by the Commodity Futures Trading Commission ("CFTC"), many years ago, against Moore Capital Management, a well-known hedge fund; Christopher Pia, a former Moore portfolio manager; and Joseph Welsh, a former commodities broker at MF Global, a registered futures commission merchant. Neither JPMorgan ("JPM") nor the Defendants were implicated whatsoever in these enforcement cases, which arose from a trading practice – sending large orders to buy or sell platinum and palladium futures contracts onto the floor for execution in the pit shortly before the close – that is entirely distinct

from the allegations in the Indictment. Accordingly, and as set forth more fully below, the Court should exclude GX 377-380.

A. Background

In April 2010, Moore Capital Management LP, Moore Capital Advisors, LLC, Moore Advisors, Ltd. (collectively, "Moore"), settled a CFTC administrative proceeding alleging that Pia, a former portfolio manager at Moore, had engaged in a practice known as "banging the close" by sending large futures orders to a broker (later identified in public filings as Joseph Welsh of MF Global) for execution on the floor of the exchange. *In re Moore Capital Management, L.P., et al.*, CFTC Docket No. 10-09 (Apr. 29, 2010); *CFTC v. Joseph F. Welsh III*, 12 Civ. 1873 (WHP), 2012 WL 846664, ECF No. 1, at ¶¶ 20-46 (S.D.N.Y. March 14, 2012) (Complaint). In July 2011, Pia settled a similar action, *In re Christopher Louis Pia*, CFTC Docket No. 11-17 (July 25, 2011), and in March 2012, the CFTC filed a federal court enforcement case against Welsh, who settled in June 2015. *CFTC v. Joseph F. Welsh III*, 12 Civ. 1873 (WHP), ECF No. 107 (S.D.N.Y. June 17, 2015) (Consent Order). The settlements were each on a "no-admit, no-deny" basis. In the CFTC actions, there was no suggestion that JPM or anyone employed by JPM played any role in the alleged misconduct that resulted in these settlements. Indeed, the only apparent connection to this case is that Moore was also a customer of the JPM precious metals desk ("Desk"); Moore is referred to anonymously in the Indictment as Hedge Fund E, an alleged "key client" of the Desk. *See* Indict. ¶ 26(l). Pia separated from Moore in late 2008. *See* Declaration of Bethany Biesenthal ("Biesenthal Decl.") at Ex. 2.

"Banging the close," according to the CFTC, refers to circumstances in which "a trader buys or sells a large number of futures contracts during the closing period of a futures contract (that is, the period during which the futures settlement price is determined) in order to benefit an even larger position in an option, swap, or other derivative that is cash settled based on the futures settlement price on that day." *A Guide to the Language of the Futures Industry*, COMMODITY FUTURES TRADING COMMISSION, https://www.cftc.gov/LearnAndProtect/EducationCenter/CFTCGlossary/glossary_uv.html (last visited July 4, 2021). Unlike spoofing, "banging the close" necessarily requires the intention to trade. *See In re Christopher Louis Pia*, CFTC No. 11-17, 2012 WL 3228315 (Jul. 25, 2011) ("Pia's [market-on-close] buy orders *executed* on the floor during the close generally ranged from 20 to 100 contracts, which were relatively large orders for the relatively illiquid palladium and platinum markets.") (emphasis added).

The government proposes to offer:

1. GX 377, an April 29, 2010 CFTC press release describing the "no-admit, no-deny" settlement with Moore, in which the CFTC alleged that between at least November 2007 and May 2008 a former Moore portfolio manager engaged in the prohibited trading practice known as "banging the close" in connection with trading platinum and palladium futures. *See* Biesenthal Decl. at Ex. 1.

2. GX 378, an August 20, 2010 internal JPM email from Mr. Ruffo to Mr. Smith and Robert Gottlieb, forwarding an article in *The Wall Street Journal* reporting on the CFTC's allegations against Moore and identifying Pia as the former portfolio manager whose trading was the subject of the settlement between the CFTC and Moore. *See id*. at Ex. 2.

3. GX 379, a July 25, 2011 email from Armand Nakkab, Compliance Managing Director at JPM, to, among others, Messrs. Nowak, Ruffo, and Smith, containing a link to the CFTC's website, titled "Christopher L. Pia, Former Portfolio Manager for Hedge Fund Moore Capital Management, LLC, to Pay $1 Million Penalty to Settle CFTC." *See id*. at Ex. 3.

4. GX 380, the information found at the link in GX 379, namely, a July 25, 2011 CFTC press release describing a "no-admit, no-deny" settlement between the

3

> CFTC and Pia, in which the CFTC alleged that between November 2007 and May 2008, "Pia attempted to manipulate the settlement prices of palladium and platinum futures contracts by engaging in a trading practice known as 'banging the close.'" *See id*. at Ex. 4.

B. Discussion

The CFTC Moore Documents should be excluded as irrelevant, and, even if marginally relevant, confusing, unfairly prejudicial, and needlessly presenting cumulative evidence.

The Proposed Exhibits are not relevant. First, no defendant nor any unindicted coconspirator was alleged to have been involved in the CFTC enforcement matters. The CFTC's public filings make clear that, according to the CFTC, the "bang the close" scheme was carried out by Moore Capital, Christopher Pia, and Joseph Welsh of MF Global. There is no link whatsoever to JPM or any of the Defendants.

Second, the Proposed Exhibits allege a species of trading misconduct, "banging the close," that is not alleged in this case. The facts are even further afield when one considers that the Moore/Pia/Welsh matter arose from trading on the floor of the exchange, while this case arises from trading on the CME's Globex electronic execution platform. *See* Indict. ¶¶ 12-13, 26(c). As alleged in the Indictment, floor trading had largely ceased to exist by the time of the alleged Conspiracy Period. *Id*. at ¶ 3.

Third, whereas the Proposed Exhibits describe Moore's alleged misconduct, here, Moore is a non-culpable, alleged beneficiary of the charged conduct. Specifically, the Indictment alleges that Deceptive Orders were used by traders on the Desk to benefit Moore. *See* Indict. ¶ 26(l) (alleging that "[o]ne of the reasons" the defendants engaged in the charged conspiracy was to "service and benefit key clients" of JPM, including Moore). We understand that the government anticipates offering evidence of a March 5,

4

2008 trade for 50,000 ounces of gold placed through Ruffo by Pia as a portfolio manager of Moore as part of its proof of this allegation. *See* Biesenthal Decl. at Ex. 5 (GX 84). However, the CFTC "banging-the-close" allegations against Moore and Pia are entirely irrelevant to the Indictment's allegations involving Moore as JPM's customer, the March 5, 2008 trade, or any other potential Moore order in this case.

Separately, to the extent the government argues that the Proposed Exhibits are relevant to demonstrate knowledge that the CFTC viewed "banging the close" as prohibited trading conduct, any arguable relevance would be marginal at best (and Defendants contend there is none) and exclusion would be well-warranted under Rule 403. First, admission of the Proposed Exhibits would carry a substantial risk that the jury would assess the CFTC matters as part of the allegations in this case. The complexity of the subject matter that will be presented at trial is already substantial; introducing a separate and uncharged species of alleged trading conduct would confuse the issues for the jury's focus.

This risk is especially pronounced here, where the alleged "bang the close" conduct is that of a customer who will be the subject of testimony at trial. The Indictment labels Moore a "key" customer for whose benefit some of the alleged conduct was carried out. A number of the trading sequences that the government intends to prove relate to orders placed by Moore, with one placed by Pia on behalf of Moore. But neither Moore nor Pia is alleged to have acted wrongfully in this case. Asking the jury to separate Moore's "mere customer" role in this case from its alleged culpability in the CFTC "banging the close" matter would be a paradigmatic example of "confusing the issues" under Rule 403.

5

In addition, admission of the Proposed Exhibits would cause unfair prejudice. The suggestion that Moore did something wrong, resulting in the CFTC's allegations, risks causing the jury to view Moore with suspicion, leading the jury to unwarranted and unfair interpretations of ordinary course JPM-Moore trade-related chat evidence. The Proposed Exhibits would also encourage jury consideration of whether the Desk's continued dealings with Moore following the CFTC resolutions suggest the Desk's willingness to deal with bad actors and/or acquiescence in the conduct alleged by the CFTC. For all of these reasons, the Proposed Exhibits should be excluded. *See United States v. Flotron*, No. 3:17-cr-00220 (JAM) (D. Conn. Apr. 3, 2018), ECF No. 178, at 1 ("The prejudicial effect of this evidence concerning separate wrongful activity substantially outweighs its probative value, especially in view of the fact that the evidence of the alleged conduct does not factually overlap with the charged offense.").

Lastly, the Proposed Exhibits would also "needlessly present[]" cumulative evidence. Fed. R. Evid. 403. To the extent the government is proffering the CFTC Moore Documents to show that Messrs. Nowak, Ruffo, and Smith knew that certain forms of trading to affect settlement prices were prohibited, the exhibits are cumulative. The government's proposed exhibits already include training materials that covered, among other topics, the prohibition on engaging in manipulative trading for the purpose of affecting settlement prices. *See* Biesenthal Decl. at Ex. 6, at DOJ-0008291419 (GX 137) (November 2012 policy, stating "Do not trade or accumulate a position solely to raise or lower the market price. This includes 'painting the tape' or 'banging the close,' that is, trades that are designed to move the market price for the purpose of impacting financial statements or reports such as trades at the end of a reporting period; account

6

statements; or margin requirements including trades at the end of the day, and the like."); *Id*. at Ex. 7, at DOJ-0014778444 (GX 166) (November 2013 training defining "Marking/Banging the Close" as "[t]rading at or near market close designed to move closing price"). Evidence in the form of the Proposed Exhibits that one or more defendants was aware that the CFTC viewed "banging the close" as a prohibited trading practice would therefore be cumulative and unnecessary.

Accordingly, the Proposed Exhibits should be excluded as irrelevant or, to the extent marginally relevant, as confusing, unfairly prejudicial, and cumulative.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully move this Court to grant their motion to exclude proposed exhibits GX 377, GX 378, GX 379, and GX 380.

Dated: July 9, 2021

/s/ Bethany Biesenthal
Bethany Biesenthal
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 269-4303

Guy Petrillo
Daniel Goldman
PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, NY 10017
(212) 370-0331

*Counsel for Jeffrey Ruffo*

*Filing on behalf of Defendants Smith, Nowak, Ruffo, and Jordan*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2020, I caused a copy of the foregoing to be filed with the Clerk of the Court through the CM/ECF system, which will provide notice of the filing to all counsel of record.

    /s/ Bethany Biesenthal
Bethany Biesenthal
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 269-4303

*Counsel for Jeffrey Ruffo*