# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGG SMITH,<br>MICHAEL NOWAK,<br>JEFFREY RUFFO, and<br>CHRISTOPHER JORDAN,<br><br>            Defendants. | Case No. 19-cr-00669<br><br>Hon. Edmond E. Chang |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT EXHIBITS RELATING TO CFTC ENFORCEMENT ACTIONS AGAINST MOORE CAPITAL AND CHRISTOPHER PIA

| | |
|---|---|
| **KOBRE & KIM LLP** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
| 111 West Jackson Boulevard<br>Chicago, IL 60604 | One Manhattan West<br>New York, NY 10001 |
| *Counsel for Gregg Smith* | 155 North Wacker Drive<br>Chicago, IL 60606 |
| | *Counsel for Michael Nowak* |
| **PETRILLO KLEIN & BOXER LLP** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 655 Third Avenue<br>New York, NY 10017 | One Bryant Park<br>New York, NY 10036 |
| **JONES DAY** | **MOLOLAMKEN LLP** |
| 77 West Wacker<br>Chicago, IL 60601 | 300 North LaSalle Street<br>Chicago, IL 60654 |
| *Counsel for Jeffrey Ruffo* | *Counsel for Christopher Jordan* |

Defendants Gregg Smith, Michael Nowak, Jeffrey Ruffo, and Christopher Jordan respectfully submit this reply memorandum of law in further support of Defendants' Motion *in Limine* to Exclude Government Exhibits Relating to CFTC Enforcement Actions Against Moore Capital (ECF No. 298), and in response to the United States' Response to Defendants' Motion *In Limine* to Exclude Government Exhibits Relating to CFTC Enforcement Actions Against Moore Capital and Christopher Pia (ECF No. 344) ("Opp. Br.").

I. **The Proposed Government Exhibits Relating to CFTC Enforcement Actions Against Moore Capital and Christopher Pia Are Irrelevant**

The government's position that proposed GX 377-380 (the "Proposed Exhibits") are relevant – "to show that Defendants Smith, Nowak, and Ruffo were on notice in 2010 and 2011 that placing orders for precious metals futures in an attempt to push the price in a direction for their benefit was not permitted," *see* Opp. Br. at 1 – lacks a persuasive foundation and is otherwise flawed.

To begin with, there is no statute or regulation that prohibits "push[ing]" market prices to benefit a trader's position; there are, however, statutes and regulations that prohibit manipulation, *e.g.*, 7 U.S.C. § 13(a)(2). Importantly, to establish price manipulation under 7 U.S.C. § 13(a)(2), "the mere intent to affect *prices* is not enough; rather, the [Government] must show that Defendants intended to cause *artificial* prices – *i.e.*, prices that they understood to be unreflective of the forces of supply and demand." *See United States Commodity Futures Trading Comm'n v. Wilson*, 13 Civ. 7884 (RJS), 2018 WL 6322024, at *15 (S.D.N.Y. Nov. 30, 2018) (emphasis in original) (rejecting the CFTC's argument that "that artificial price could be proven merely by showing that

Defendants intended to affect the settlement price by making electronic bids during the PM Settlement Period").

Moreover, even assuming Messrs. Smith, Nowak, and Ruffo were on notice that the CFTC viewed "banging the close" with market-on-close orders (which by definition execute during a settlement period) as impermissible attempted market manipulation in 2010 and 2011, that says nothing about whether they were on notice in 2010 and 2011 that the alleged spoofing and layering conduct charged here was improper. Because the term "'manipulation' is not defined anywhere in the" Commodity Exchange Act, "the task of defining manipulation and its elements has fallen to the CFTC and the courts." *In re Soybean Futures Litig.*, 892 F. Supp. 1025, 1044 (N.D. Ill. 1995). "[Y]et, they generally agree that manipulation defies easy description," which has meant that "manipulation cases" are "characterized by fact-specific, case-by-case analysis." *Id*. Commodities price manipulation can take many forms, *e.g.*, causing a squeeze, *see Frey v. Commodity Futures Trading Comm'n*, 931 F.2d 1171, 1175 (7th Cir. 1991), wash trading, *see In re Nat. Gas Commodity Litig.*, 337 F. Supp. 2d 498, 518 (S.D.N.Y. 2004), or, in the case of the Proposed Exhibits, banging the close. *See* Declaration of Bethany K. Biesenthal ("Biesenthal Decl."), Ex. 1 at DOJ-0014778439 (proposed GX 166) ("No one type of 'manipulation' — broadly defined and takes many forms."). Yet, each of these trading practices is entirely different from the conduct alleged in this case. Accordingly, knowledge that a specific trading practice, such as banging the close, is considered attempted manipulation, does not make it "more or less probable" that one would know that other trading practices, such as spoofing and layering, would likewise be considered manipulative.

2

The "fact-specific, case-by-case analysis" of specific circumstances to assess whether they fall within the scope of "manipulation" is especially relevant here. Banging-the-close is a unique species of attempted manipulation that is particularly aimed at trading at and immediately leading up to the closing period of a futures contract in order to affect a settlement or reference price of the contract. The conduct specifically described in the Proposed Exhibits relates to manual precious metals futures trading on the floor of the exchange, in an illiquid market, involving market-on-close orders that were placed on one side of the market *with* the intention to affect the settlement price of a futures contract. *See In re Christopher Louis Pia*, CFTC No. 11-17, 2012 WL 3228315 (Jul. 25, 2011).

By contrast, here, the alleged conduct relates to precious metals futures trading electronically, not on the floor, *see* Indict. ¶ 12, involving orders that were allegedly placed with the *intent to cancel* before execution. Therefore, the inference that the government seeks to have the jury draw – that because Smith, Nowak, and Ruffo were aware in 2010 and 2011, that banging the close on the floor (to affect a settlement price at the end of the trading day) was improper, they were also aware in 2010 and 2011, that spoofing and layering (which are not alleged to have been intended to affect a settlement price at the end of the trading day) were also improper – is, at best, a complicated stretch. Put simply, knowledge that a particular trading strategy is prohibited as manipulative is probative of nothing when it comes to the question of whether a trader knows that an entirely separate form of trading is manipulative for other reasons.

Finally, the government sets up a straw man by arguing the Proposed Exhibits are relevant to rebut an "anticipated argument" from the Defendants that the alleged trading

3

"could not be manipulative because it involved 'real,' open-market orders that were capable of being executed by other market participants." *See* Opp. Br. at 2. Defendants do not dispute that a market manipulation scheme may involve executable orders. Defendants contend, however, that the orders at issue in this case were not *fraudulent*, in part because they were real orders that were capable of being executed. The CFTC's actions against Moore Capital and Christopher Pia did not include allegations of fraud, or suggestions that the CFTC may consider real, open-market orders to be fraudulent. Accordingly, the government's argument in support of admission of the Proposed Exhibits lacks merit, and the Proposed Exhibits are irrelevant.[1] *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is *of consequence* in determining the action.") (emphasis added).

## II. Even if Minimally Relevant, the Proposed Exhibits Should be Excluded Under Rule 403

Even if minimally relevant, the Proposed Exhibits should be excluded under Rule 403 as unfairly prejudicial, confusing, and needlessly cumulative.

The parties' proposed exhibit lists are replete with JPMorgan ("JPM") training materials that expressly prohibit trading to affect settlement prices, *e.g.*, banging the close. For example:

- Proposed DX 57 at DOJ-0014779918 (July 2008 training that includes "Trading to affect settlement" in a slide titled "Prohibited Conduct"). Biesenthal Decl. at Ex. 2.

- Proposed DX 66 at DOJ-0015228278 ("Fall 2009" training, stating: "Trading to affect settlement - Regulators consider this trading activity

---

[1] At a minimum, GX 377 should be excluded because there is no evidence that Messrs. Smith, Nowak, or Ruffo reviewed the press release contained therein.

4

very seriously, this can also include smaller brackets of time within the trading day. Recent CFTC cases have found various firms and individuals to have manipulated the market at settlement and during time slots."). *Id*. at Ex. 3.

- Proposed GX 154 at DOJ-0016453188 ("January 2010" training, stating: "Trading to affect settlement - CFTC considers this trading activity very seriously, this can also include smaller brackets of time within the trading day."). *Id*. at Ex. 4.

- Proposed GX 156 at DOJ-0016453152 ("Fall 2010" training, stating: "Trading to affect settlement - Regulators consider this trading activity very seriously, this can also include smaller brackets of time within the trading day. Recent CFTC cases have found various firms and individuals to have manipulated the market at settlement and during time slots."). *Id*. at Ex. 5.

- Proposed GX 158 at DOJ-0008289112 (2011 Annual Training, stating: "Trading to affect settlement - Regulators consider this trading activity very seriously, this can also include smaller brackets of time within the trading day. Recent CFTC cases have found various firms and individuals to have manipulated the market at settlement and during time slots."). *Id*. at Ex. 6.

- Proposed GX 161 at DOJ-0020000753 (November 29, 2012 training, stating: "Trading to affect settlement - Regulators consider this trading activity very seriously, this can also include smaller brackets of time within the trading day. Recent CFTC cases have found various firms and individuals to have manipulated the market at settlement and during time slots."). *Id*. at Ex. 7.

- Proposed GX 166 at DOJ-0014778444 (November 2013 training defining "Marking/Banging the Close" as "[t]rading at or near market close designed to move closing price"). *Id.* at Ex. 1.

If the government's purpose in offering the Proposed Exhibits is to show that, because Smith, Nowak, and Ruffo were aware that banging the close was prohibited, they were on notice that "trading practices aimed at artificially pushing prices in precious metals futures markets were improper," *see* Opp. Br. at 4, the above-cited materials would plainly equally suffice, and the Proposed Exhibits are cumulative.

5

The minimal probative value of the cumulative Proposed Exhibits is also substantially outweighed by unfair prejudice and the risk of confusion. The Proposed Exhibits relate to alleged trading misconduct by Moore Capital ("Moore"), a JPM customer that will be a focus of the government's case-in chief. *See* Indict. ¶ 26(l) (alleging that "[o]ne of the reasons" the defendants engaged in the charged conspiracy was to "service and benefit key clients" of JPM, including Moore). Eleven of the twelve "client orders" that the government seeks to introduce in its case against Ruffo were between JPM and Moore. Biesenthal Decl. at Ex. 8. Twenty-six government exhibits consist of Bloomberg chats between Ruffo and a representative of Moore, two of which involve Christopher Pia, the former portfolio manager at Moore who settled with the CFTC. *See* United States Preliminary Exhibit List (ECF No. 293). Accordingly, it is not "speculat[ion]," as the government argues, that there is a substantial risk that the jury, reviewing the Proposed Exhibits, would view Moore as a bad actor and the Defendants unfavorably for dealing with Moore in light of the banging the close allegations described in the Proposed Exhibits. Moreover, although the government represents that it does not intend to argue that Defendants engaged in banging the close "misconduct themselves," *see* Opp. Br. at 4, given the multiple training materials in the Proposed Exhibits that discuss JPM's prohibition on trading to manipulate settlement prices, the substantial risk remains that the jury will be confused and conclude that the Defendants were implicated in the alleged trading discussed in the Proposed Exhibits or that Moore's trading was generally suspect.

Accordingly, the Proposed Exhibits should be excluded under Rule 403.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to exclude proposed exhibits GX 377, GX 378, GX 379, and GX 380.[2]

Dated: August 18, 2021
       New York, New York

| | |
|---|---|
| /s/ Jonathan D. Cogan | /s/ David Meister |
| Jonathan D. Cogan | David Meister |
| Sean S. Buckley | Jocelyn E. Strauber |
| Leanne A. Bortner | Chad E. Silverman |
| KOBRE & KIM LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 111 West Jackson Boulevard | One Manhattan West |
| Chicago, IL 60604 | New York, NY 10001 |
| (212) 488-1206 | (212) 735-2100 |
| | |
| *Counsel for Gregg Smith* | William E. Ridgway |
| | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | 155 North Wacker Drive |
| | Chicago, IL 60606 |
| | (312) 407-0449 |
| | |
| | *Counsel for Michael Nowak* |

---

[2] In the event the Court determines to admit the Proposed Exhibits, the Defendants would respectfully request that the Court instruct the jury that (a) neither the Defendants nor JPM played any role in the alleged trading misconduct described in the Proposed Exhibits, and (b) that there is no allegation in this case that Moore acted improperly at any time.

7

| | |
|---|---|
| /s/ Guy Petrillo | /s/ James J. Benjamin, Jr. |
| Bethany Biesenthal | James J. Benjamin, Jr. |
| JONES DAY | Parvin D. Moyne |
| 77 West Wacker | AKIN GUMP STRAUSS HAUER & FELD LLP |
| Chicago, IL 60601 | One Bryant Park |
| (312) 269-4303 | New York, NY 10036 |
| | (212) 872-8091 |
| Guy Petrillo | |
| Daniel Z. Goldman | Megan Cunniff Church |
| PETRILLO KLEIN & BOXER LLP | MOLOLAMKEN LLP |
| 655 Third Avenue | 300 North LaSalle Street |
| New York, NY 10017 | Chicago, IL 60654 |
| (212) 370-0331 | (312) 450-6716 |
| | |
| *Counsel for Jeffrey Ruffo* | *Counsel for Christopher Jordan* |

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2021, I caused a copy of the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT EXHIBITS RELATING TO CFTC ENFORCEMENT ACTIONS AGAINST MOORE CAPITAL AND CHRISTOPHER PIA to be filed with the Clerk of the Court through the CM/ECF system, which will provide notice of the filing to all counsel of record.

Respectfully submitted,

/s/ Bethany Biesenthal
Bethany Biesenthal
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 269-4303

Guy Petrillo
Daniel Goldman
PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, NY 10017
(212) 370-0331

*Counsel for Jeffrey Ruffo*