UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGG SMITH,<br>MICHAEL NOWAK,<br>JEFFREY RUFFO, and<br>CHRISTOPHER JORDAN,<br><br>Defendants. | No. 19 CR 669<br><br>Judge Edmond E. Chang |

**United States' Reply in Support of Motion to Exclude Expert Testimony of Chester Spatt, Daniel Fischel, Ciamac Moallemi, and Raymond Keenan**

The United States, by and through its undersigned counsel, submits this reply brief in support of its motion to exclude portions of the expected testimony of Defendant Smith's four proposed expert witnesses, Doc. No. 439 ("Motion" or "Mot."), and to address Defendant Smith's opposition brief, Doc. No. 456 ("Opposition" or "Opp'n").

**I. Defendant Smith's Experts Should Be Precluded from Describing His Trading Activity as "Legitimate" Whether Through the Pretense of Calling the Trading Activity "Rational" or Otherwise**

In its Motion, the United States seeks to preclude Defendant Smith's experts from describing his trading practices as "legitimate," whether through the guise of calling them "rational" or some other term. *See* Mot. at 6-7, 9, 15-16, 18. To be clear, the United States does not oppose use of the term "rational" when used to describe something as economically rational. The United States has no objection if Defendant Smith's experts are limited to using terms that are meant to describe only an

"economically rational motivation," *see* Opp'n at 8, and not to label a trading practice as "legitimate."[1] But Defendant Smith wants to leave the door open for his expert witnesses to do the latter since he "does not concede" that expert testimony describing trading activity as "legitimate" would be improper, *see* Opp'n at 7, in the face of the decisions in *Vorley* and *Bases* precluding defendants' experts from labeling trading practices as such. Therefore, with such improper expert testimony remaining a possibility, Defendant Smith's expert should be precluded from using the term "rational"—or any similar term—to describe his trading practices as "legitimate."

## II. Defendant Smith Has Not Remedied His Facially Deficient Expert Disclosures Which Fail to Meet the Requirements of Rule 16(b)(1)(C)

Defendant Smith acknowledges that Rule 16(b)(1)(C) requires him to "identify the topics on which each [expert] witness will testify and *summarize in detail what the witness is expected to say about those topics*." Opp'n at 9 (emphasis added). Under this standard, Defendant Smith's initial expert disclosures ("Discl."; *see* Mot. Ex. A) were facially deficient in numerous ways and remain so even with his November 19, 2021 supplemental expert disclosure ("Suppl. Discl."; attached as Ex. A).

At the outset and to distract from the substantive issue of his deficient expert disclosures, Defendant Smith makes a process argument claiming that the United States should have come to him about remedying his disclosures. But the burden is

---

[1] To be clear, if Defendant Smith's expert witnesses are permitted to use the term "rational," or any similar term, their testimony should also be limited by Defendant Smith's representation that "[n]one of [his] expert witnesses are going to offer an opinion on [his] actual intent at any relevant time; they will explain only why certain conduct is inconsistent with an intent to spoof or consistent with some other motive and why the government's witnesses' contentions to the contrary are unfounded." Opp'n at 7 n.2.

on Defendant Smith to comply with the Court's Order directing the defendants' to make their expert disclosures by August 20, 2021. *See* Jan. 28, 2021 Minute Entry (Doc. No. 260). Defendant Smith's failure to comply with the requirements of Rule 16(b)(1)(C) does not then shift the burden onto the United States and require it to give Defendant Smith a second chance "do-over" to bring his clearly inadequate disclosures into compliance with the law.

As just one example of his facially inadequate disclosures, Defendant Smith stated that "Professor Moallemi is expected to testify about the placement of trades in the spot and futures markets in order to hedge against risk associated with the other commodity derivatives, including but not limited to barrier options," but says nothing further on this topic (nor does he expand on it in his supplemental disclosure). *See* Discl. at 7. Under Defendant Smith's *own* description of the Rule 16(b)(1)(C) standard, he has identified the topic—hedging risk associated with commodity derivatives—but makes no attempt to "summarize in detail what the witness is expected to say" about the topic. This bare-bones description did not reflect a "good faith" effort to disclose Professor Moallemi's expert testimony, but rather a wholesale disregard for the requirements of Rule 16 and the Court's Order.

Defendant Smith's resistance to complying with Rule 16(b)(1)(C) is also apparent in his refusal to remedy his deficient expert disclosures by claiming that the United States has not provided him with information regarding the specific defects in his disclosures. *See* Opp'n at 11-12. His basis for obfuscation is belied by the record. For example, Defendant Smith failed to describe Raymond Keenan's opinion

regarding "traders' general understanding of common phrases" listed in the expert disclosure, *see* Discl. at 8, which is a deficiency clearly identified in the United States' Motion. *See* Mot. at 19 (stating Defendant Smith should be required to describe "what Mr. Keenan's testimony regarding the meaning of those phrases would be"). Defendant Smith, however, did not fix this deficiency in his expert disclosures (or others identified in the Motion), even after his supplemental disclosure. Put simply, Defendant Smith cannot credibly claim surprise at the deficiencies that the United States identified in his disclosures. His repeated efforts to dodge his disclosure obligations on subsequent attempts undercut his purported "good faith" efforts to provide what the law requires.

Even beyond Defendant Smith's process argument, his supplemental expert disclosure attempts to address just one of the multiple deficiencies identified in the Motion. *Compare* Mot. at 9-10 (noting the failure to identify the purported "characteristics" of Defendant Smith's trading that Prof. Fischel would address in his expert testimony) *with* Suppl. Disl. at 2-3 (identifying the characteristics of Defendant Smith's trading that Profs. Fischel, Spatt, or Moallemi would address). This supplemental disclosure, however, suffers from the same deficiencies as Defendant Smith's initial disclosure because it includes similarly vague assertions like the "hit rates and fill rates" for certain orders were "substantially higher" or "substantially lower" without any explanation for what constitutes "substantial." *See* Suppl. Discl. at 3. Even more, Defendant Smith used his supplemental expert disclosure as an opportunity to make *new* expert disclosures that are unrelated to the

deficiencies identified in the Motion. Specifically, Defendant Smith included new disclosures that "Professor Spatt, Professor Fischel, or Professor Moallemi is expected to offer opinions about flaws in Professor Venkataraman's analysis" and a discussion of some of those opinions. Suppl. Discl. at 1, 3.[2] Ultimately, Defendant Smith's supplemental expert disclosures failed to address the shortcomings in his initial expert disclosures that were identified in the Motion and which remain uncured.

### III. Defendant Smith Failed to Comply with Rule 16(b)(1)(C) When His Summary of a Specific Expert Witness's Expected Testimony Merely Asserts that It Would Be Consistent with the Admittedly Cumulative Testimony of Another Expert Witness

In Defendant Smith's expert disclosures, Professors Fischel, Spatt, and Moallemi are treated as fungible pieces that Defendant Smith would use interchangeably to present cumulative expert testimony on a range of topics. Defendant Smith doubled-down on this arrangement in his supplemental disclosures where he (again) fails to comply with Rule 16(b)(1)(C) and describes opinions that "Professor Spatt, Professor Fischel, or Professor Moallemi is expected to offer." *See* Suppl. Discl. at 1.

In his Opposition, however, Defendant Smith attempts to put some daylight between the three professors' testimony by claiming that each witness will have a "unique role" in any potential defense case. Opp. at 12. But the purported "unique" nature of their expert testimony runs contrary to Defendant Smith's expert disclosures themselves. For example, Defendant Smith claims Professor Spatt's

---

[2] Defendant Smith's supplemental disclosure also continued his trend of clouding the issue of which Professor will testify regarding certain topics, discussed more in Section III.

testimony would explain how commodities markets functions while Professors Fischel and Moallemi would present a statistical analysis of Defendant Smiths' trading. Opp'n at 12. Setting aside that this explanation fails to address the cumulative nature of Professor Fischel's and Moallemi's testimony, it also ignores Defendant Smith's expert disclosures which state that Professor Moallemi would testify "in the alternative to Professor Spatt," Discl. at 6-7, thereby removing any "unique role" these individual experts might play.

Defendant Smith also claims that any "overlap in certain topics . . . is only intended, where possible, to preserve Mr. Smith's flexibility in advance of a trial that is schedule to being nearly a full year after these disclosures were provided." Opp'n at 13. But Defendant Smith's expert disclosures were due on August 20, 2021—less than two months before the prior trial date of October 18, 2021. And it was only *after* Smith made his flawed expert disclosures that the Court notified the parties that the October 2021 trial date might be continued. *See* Aug. 21, 2021 Minute Entry (Doc. No. 396). Defendant Smith's deficient expert disclosures, therefore, sought to continue the shell game regarding the potential, cumulative expert testimony of these three professors until just weeks before trial. This is even more reason that, with the additional time before the July 2022 trial date, Defendant Smith must comply with the Court's order and provide expert disclosures that comply with Rule 16(b)(1)(C).

### IV. Conclusion

For the foregoing reasons and as argued in the Motion, the Court should either bar the deficient aspects of Defendant Smith's proposed expert testimony or require him to supplement his disclosures to comply with the law.

-7-

Dated: December 10, 2021   Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By:   */s/ Matthew F. Sullivan*
Avi Perry, Acting Deputy Chief
Matthew F. Sullivan, Trial Attorney
John ("Fritz") Scanlon, Trial Attorney
Scott Armstrong, Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
Telephone: (202) 353-6200
Email: matthew.sullivan2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2021, I caused the foregoing reply motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

*/s/Matthew F. Sullivan*
Matthew F. Sullivan, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section