UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGG SMITH,<br>MICHAEL NOWAK, and<br>JEFFREY RUFFO,<br><br>Defendants. | No. 19 CR 669<br><br>Judge Edmond E. Chang |

**UNITED STATES' REPLY IN SUPPORT OF ADMISSION OF GX 84 AND 463**

The United States respectfully submits this reply to defendant Ruffo's Opposition to United States' Memorandum in Support of the Admission of Government Exhibits ("GX") 84 & 463, Doc. No. 552.

Defendant Ruffo's opposition is premised on the mistaken claim that the evidence at issue, GX 84 and GX 463, pre-dates the charged conspiracy period because the two charged conspiracies "exclusively concern trading conduct by precious metals traders that occurred while Mr. Ruffo was a salesperson at JPM, not Bear Stearns." (Doc. 552 at 2).[1] Defendant Ruffo is wrong. At a minimum, Count Two encompasses conduct that occurred between March and May 2008, when defendant Ruffo worked at Bear Stearns. Specifically, the multi-object conspiracy charged in Count Two of

---

[1] Although the purpose of this particular briefing was to address questions about the admissibility of GX 84 & 463 specifically, defendant Ruffo's opposition expands the scope to include a broader discussion of the admission of "any other Bear Stearns-related evidence." Doc. 552 at 2. Regardless of whether such expansion is procedurally proper, the reasons stated in this reply apply to both GX 84 & 463, as well as other evidence of Mr. Ruffo's conduct from March 2008 onwards.

the indictment is alleged to have begun in March 2008, *see* Doc. No. 448 ¶ 48, when defendants Ruffo and Smith worked side-by-side at Bear Stearns. Indeed, the indictment alleges that defendants Ruffo and Smith were employed at Bear Stearns "until its acquisition by JPMorgan in May 2008," and *"for the remainder of the Conspiracy Period"* they worked at JPMorgan.[2] *Id.* ¶¶ 18a. & 18.c. That is, the conspiracy began, and they joined the conspiracy, while still at Bear Stearns in March 2008. And although the wire fraud object of the conspiracy charged in Count Two references JPMorgan explicitly, *id.* ¶ 48.a, the price manipulation object does not, *id.* ¶ 48.c, and plainly encompasses the pre-JPMorgan conduct.

Similarly, while the indictment alleges that the purposes of the conspiracy included "[m]aximizing trading profits and minimizing losses for the Defendants and their co-conspirators, the JPMorgan Precious Metals Desk, and JPMorgan itself through unlawful trading practices," the defendants need not have pursued all three goals at the same time. Again, that is clear from the indictment's allegation that the inception of the conspiracy was in March 2008, when defendants Ruffo and Smith worked at Bear Stearns. Both the communications and trading reflected in GX 84 and GX 463 took place on March 5, 2008. Since this conduct occurred within the

---

[2] In his opposition, defendant Ruffo wrongly asserts that any reference to "alleged trading conduct at Bear Stearns" is "only mentioned to explain the timing of its acquisition by JPM." That is not correct. As demonstrated by the plain terms of the indictment, the conspiracy is alleged to have begun while defendants were at Bear Stearns and continued when they joined JPMorgan. Doc. No. 448 ¶¶ 18a. & 18.c. Moreover, defendant Ruffo overlooks that the substantive attempted price manipulation charge against defendant Smith begins in January 2008, *id.* at ¶ 55, and thus the indictment's reference to "alleged trading conduct at Bear Stearns" obviously is not only mentioned to provide context for the JPMorgan acquisition.

timeframe of the charged conspiracy, these exhibits plainly are admissible at trial against defendant Ruffo.

Moreover, despite defendant Ruffo's claim to the contrary, introducing evidence related to his time at Bear Stearns as direct evidence of the conspiracy charged in Count Two does not constructively amend the indictment. A constructive amendment arises when the government attempts to prove a crime different from the one charged, which occurs when there is a "complex of facts distinctly different from those set forth in the charging instrument and not where there is a single set of facts." *United States v. Heon Seok Lee*, 937 F.3d 797, 806 (7th Cir. 2019) (quoting *United States v. Galiffa*, 734 F.2d 306, 314 (7th Cir. 1984)). Here, the indictment charges a conspiracy that began in March 2008 and explicitly references the fact Mr. Ruffo worked at Bear Stearns at this point in time. Therefore, evidence from Mr. Ruffo's time at Bear Stearns from March 2008 onwards is part of the same facts set forth in the indictment. Moreover, the protections of the constructive amendment doctrine – ensuring that defendants "have adequate notice of the charges against them avoiding the risk of double jeopardy" – do not apply here because the indictment both provides defendant Ruffo with ample notice of the government's case to be presented at trial and details the timeframe and scope of the alleged conspiracy charged in Count Two. *Heon Seok Lee* at 807.[3]

---

[3] Tellingly, the only authority that defendant Ruffo cites relating to constructive amendment – namely *United States v. Penaloza*, 648 F.3d 539, 546 (7th Cir. 2011) – is for the relevant standard and nothing more. Defendant Ruffo does not rely on *Penaloza* (or any other

For these reasons, the Court should allow the Government to present evidence, including GX 84 and 463, related to defendant Ruffo's conduct at Bear Stearns from March 2008 onwards.

Dated: June 21, 2022

                                                  Respectfully submitted,

                                                  LORINDA I. LARYEA
                                                  Acting Chief, Fraud Section
                                                  Criminal Division
                                                  U.S. Department of Justice

By:   */s/ Lucy B. Jennings*
        Lucy B. Jennings, Trial Attorney
        Matthew F. Sullivan, Trial Attorney
        Christopher Fenton, Trial Attorney
        Avi Perry, Deputy Chief
        1400 New York Avenue, N.W.
        Washington, D.C. 20530
        lucy.jennings@usdoj.gov
        (202) 305-9708 (Jennings)

---

authority for that matter) to demonstrate how the facts here give rise to a constructive amendment claim. That is because they do not.

**CERTIFICATE OF SERVICE**

  I, Lucy B. Jennings, hereby certify that on June 21, 2022, I caused the foregoing pleading to be electronically filed with the Clerk of Court by using the Court's electronic filing system, which will automatically send a notice of electronic filing to the parties who have entered an appearance in this case.

                      /s/ *Lucy B. Jennings*
                      Lucy B. Jennings