UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGG SMITH,<br>MICHAEL NOWAK, and<br>JEFFREY RUFFO,<br><br>Defendants. | No. 19 CR 669<br><br>Judge Edmond E. Chang |

**UNITED STATES' MOTION TO STRIKE DEFENDANT SMITH'S LATE-DISCLOSED DEMONSTRATIVES**

Yesterday evening, just one week before trial is scheduled to begin, defendant Smith produced three new exhibits (DX 621, DX 622, and DX 623) comprising 105 separate charts to the United States. Although Smith characterizes these exhibits as demonstratives, they reflect new substantive analyses and depictions of trade data that will consume significant time to check for accuracy. Regardless of how these 105 charts are characterized, these exhibits are late and should be struck to avoid unfair prejudice to the United States in the midst of trial preparations.

Pursuant to the Court's scheduling order, *see* Doc. No. 220, the United States disclosed to the defendants the list of trading sequences to be offered in its case-in-chief on February 8, 2021, and its narrower list of trading sequences about which specific testimony will be offered in the United States' case-in-chief on June 20, 2021. These disclosures included start and stop times for each sequence, and a detailed list of deceptive and genuine orders within those sequences. Thus, the defendants have

known for a year exactly which sequences will be part of the United States case-in-chief at trial.

By agreement of the parties, the Court set a deadline of May 24, 2022, for disclosure of the United States' summary exhibits, and a deadline of June 7, 2022, for disclosure of the defendants' summary exhibits. *See* Doc. No. 502. The Court also imposed a deadline of June 17, 2022, for disclosure of the United States' demonstrative aids, and a deadline of June 24, 2022, for disclosure of the defendants' demonstrative aids. *See id.*

During the third pretrial conference on June 16, 2022, the United States flagged for the Court that the defendants still had not produced all of their summary exhibits. *See* Doc. No. 556 at 667-68. The Court remarked: "If there's good cause to generate a new chart . . ., then that's fine, but I did adopt the deadlines that you all proposed, and so those were the deadlines." *Id.* at 668. Counsel for defendant Smith stated, "we're still awaiting information from the government about the creation of some of their exhibits. So depending upon what those answers are, that may prompt something else," but did not otherwise indicate that any new summary charts were forthcoming. *Id.* Counsel for defendant Nowak indicated they were working on new "overlay" charts. *Id.* Counsel for the United States responded: "if there's another one, two, or three charts, we'll deal with it. What I'm trying to avoid -- because we are more than a week past the deadline that the parties agreed on. I just don't want to be getting 10, 20 new charts next week that we then have to give to our expert to

analyze and take time to review." *Id.* at 669. The Court then set a deadline for Nowak to produce up to five new charts by June 22, 2022. *Id.* at 670.

On June 29, 2022, Smith produced a series of new "demonstratives" to the United States in DX 621, DX 622, and DX 623:[1]

- As described by Smith's counsel in an email to the United States, DX 621 shows Smith's trading activity in the five minutes before and after certain of the United States' disclosed trial episodes. But this single new defense exhibit contains 64 pages of detailed depictions of trade data and will require substantial time to confirm its accuracy. *See* Ex. A. This exhibit is particularly difficult for the United States to analyze at this late date, given the volume of new order information contained in the exhibit. Moreover, Smith already has produced a different chart to summarize his trading activity in the five minutes around the United States' trial episodes. *See* DX 542. As a result, new DX 621 is both time-consuming for the United States to analyze *and* cumulative.

- According to counsel, DX 622 shows Smith's trading activity on different time scales than those used in certain of the United States' trial episodes. DX 622 consists of 13 pages of new charts. *See* Ex. B.

- DX 623 is a 23-page PowerPoint that overlays a vast amount of new data onto three of the United States' trial episodes. Ex. C. DX 623 contains

---

[1] The production also included revised versions of DX 545 and 559, which had been previously produced. The parties have an agreement not to object to minor revisions to previously produced exhibits, so the United States is not objecting based on untimeliness to these two revised exhibits.

-3-

precisely the type of overlays that defendant Nowak produced as summary exhibits after the third pretrial conference.

In total, these three new exhibits comprise 105 pages of detailed depictions of trading activity that—whether denominated as summary exhibits or demonstratives—have been produced after they were due and on the eve of trial, while the United States' experts are occupied with other tasks (including analyzing the considerable volume of other charts already disclosed by the defendants). Analyzing these new exhibits will consume significant resources for the United States, and divert time and attention during the week leading up to trial (not to mention during trial itself). Moreover, there is *no* reason that Smith was unable to prepare these exhibits on time; as noted, the defendants have had the United States' list of trading sequences for an entire year. Hence, good cause does not exist for the delay.

The Court should not permit Smith—who has no fewer than three experts who have been involved in his trade data analysis—to flout the Court's scheduling deadlines and prejudice the United States in this manner, especially after Smith completely failed to flag these new exhibits at the third pretrial conference. The Court should preclude Smith from offering or using these (or any forthcoming similar) exhibits at trial.

-5-

Dated: June 30, 2022 Respectfully submitted,

/s/ *Avi Perry*
Avi Perry
Matthew F. Sullivan
Lucy Jennings
Christopher Fenton
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave. NW
Washington, DC 20530
avi.perry@usdoj.gov
(202) 616-4619 (Perry)

## **CERTIFICATE OF SERVICE**

I, Avi Perry, hereby certify that on June 30, 2022, I caused the foregoing pleading to be electronically filed with the Clerk of Court by using the Court's electronic filing system, which will automatically send a notice of electronic filing to the parties who have entered an appearance in this case.

    /s/ *Avi Perry*
    Avi Perry