**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:19-CR-00669 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| GREGG SMITH, | ) | |
| MICHAEL NOWAK, and | ) | |
| JEFFREY RUFFO. | ) | |
| | ) | |
| Defendants. | ) | |

**REVISED JURY INSTRUCTIONS–COURT SET 1**

1

## Functions of the Court and Jury

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room.

You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and, as to each charge and each defendant named in each charge, decide if the government has proved the defendant whom you are considering guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

## The Charges

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges Defendants Gregg Smith, Michael Nowak, and Jeffrey Ruffo with conspiracy to conduct or participate in the conduct of an enterprise engaged in a pattern of racketeering activity; and conspiracy to commit price manipulation, wire fraud affecting a financial institution, commodities fraud, and spoofing. The indictment also charges Mr. Smith and Mr. Nowak with attempted price manipulation, wire fraud affecting a financial institution, commodities fraud, and spoofing. The defendants have pled not guilty to the charges.

The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

## Presumption of Innocence/Burden of Proof

Each defendant is presumed innocent of each and every one of the charges against him. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

## The Evidence

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, emails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony. In addition, you may recall that I took judicial notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence. A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

### Considering the Evidence

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own every-day experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

## Direct and Circumstantial Evidence

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

**Number of Witnesses**

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

### Defendant's Right Not to Testify or Present Evidence

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.

## Credibility of Witnesses

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

## Attorney Interviewing Witnesses

It is proper for an attorney to interview any witness in preparation for trial.

**Prior Inconsistent Statements—Witnesses**

You have heard evidence that before the trial, certain witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was during the trial here in court.

If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

## Witnesses Requiring Special Caution

You have heard testimony from John Edmonds, Corey Flaum, and Christian Trunz. They have received or expect to receive a benefit in return for their cooperation with the government. Mr. Edmonds and Mr. Trunz have pled guilty to being involved in some of the crimes that the defendants are charged with committing. Mr. Flaum also pled guilty, but to separate charges. You may not consider any of those guilty pleas as evidence against the defendants. Mr. Edmonds and Mr. Trunz also admitted that they lied under oath during a deposition.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

**Character Evidence Regarding Defendant**

You have heard testimony about Defendant Gregg Smith's character for telling the truth. You should consider this testimony together with and in the same way you consider the other evidence.

### Opinion Testimony

You have heard from the following witnesses, who gave opinions and testimony:

John Scheerer, Robert Sniegowski, John Edmonds, Corey Flaum, Brian Wika, Christian Trunz, Kumar Venkataraman, Robert Holdman, Daniel Fischel, and Jeremy Cusimano.

You do not have to accept these witnesses' opinions. You should judge the opinions and testimony of each of these witnesses in the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider how the witnesses reached their opinions or conclusions, and the factors I have already described for determining the believability of testimony.

### Recorded Conversations

You have heard recorded conversations. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts of the conversations are not evidence. If you noticed any differences between what you heard in a recording and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and you will be able to listen to them on an evidence display system, which I will show you. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

If, during your deliberations, you wish to have another opportunity to view any transcripts as you listen to the recordings, send me a written message through the Court Security Officer and I will provide you with the transcripts.

16

## Summaries Received in Evidence

Certain summaries and charts were admitted in evidence. You may use those summaries as evidence. It is up to you to decide how much weight to give to the summaries.

### Demonstrative Summaries and Charts Not Received in Evidence

During the trial, certain demonstrative materials such as charts, summaries, or animations were shown to you to help explain other evidence that was admitted. These materials are not themselves evidence or proof of any facts, so you will not have these particular materials during your deliberations. If these demonstrative materials do not correctly reflect the facts shown by the evidence, you should disregard them and determine the facts from the underlying evidence.

## Note-taking

If you have taken notes during the trial, you may use them during delibera-
tions to help you remember what happened during the trial. You should use your
notes only as aids to your memory. The notes are not evidence. All of you should rely
on your independent recollection of the evidence, and you should not be unduly influ-
enced by the notes of other jurors. Notes are not entitled to any more weight than the
memory or impressions of each juror.

19

## Separate Consideration of Charges

Each of the defendants has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is not guilty or guilty, should not determine your decision on any other charge.

## Separate Consideration of Defendants

Even though the defendants are being tried together, you must consider each defendant, and the evidence concerning that defendant, separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

## Dates and Times of Crimes Charged

The indictment charges that the crimes alleged happened "on or about" certain dates and times. The government must prove that the crimes happened reasonably close to the dates and times. The government is not required to prove that the crimes happened on those exact dates and times.

There is one modification to this instruction: later in these instructions, if I instruct you that the government must prove that a particular act or charge happened *after* a specified date, then that date is fixed and proof that the act or charge happened "reasonably close" to the fixed date is not sufficient.

## Count One: Existence of Conspiracy

Count One of the indictment charges the defendants with conspiracy. In order for you to find the defendant you are considering guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1. The conspiracy as charged in Count One existed; and

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

### Count One: Conspiracy to Conduct or Participate in an Enterprise Engaged in a Pattern of Racketeering Activity

Count One of the indictment charges the defendants with conspiracy to commit racketeering. In order for you to find the defendant you are considering guilty of this charge, the government must prove each of the following three elements beyond a reasonable doubt:

1. the defendant knowingly conspired to conduct or participate in the conduct of the affairs of the JPMorgan Precious Metals Desk through a pattern of racketeering activity as described in Count One;

2. the JPMorgan Precious Metals Desk was an enterprise; and

3. the activities of the JPMorgan Precious Metals Desk would affect interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant under consideration, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the defendant under consideration, then you should find that defendant not guilty.

I will now define in more detail the elements I have just described.

## Definition of Conspiracy

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goals were not accomplished. In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

### Count One: First Element—Membership in Conspiracy

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goal of the conspiracy was to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goal of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he knew or associated with people who were involved in a conspiracy, knew there was a conspiracy, or was present during conspiratorial discussions.

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

### Count One: First Element—Definition of "Conduct or Participate in the Conduct of"

A person "conducts or participates in the conduct of" the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts that are involved in some way in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so. In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all of the activity alleged in Count One.

A person conspires to conduct or participate in the conduct of the affairs of an unlawful enterprise if that person agrees to knowingly facilitate the activities of the operators or managers who conduct or participate in the conduct of its affairs. I will now define knowingly.

### Count One: First Element—Definition of "Knowingly"

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

**Count One: First Element—Pattern Requirement—Racketeering Conspiracy**

In order to find a "pattern of racketeering activity" for purposes of Count One, you must find beyond a reasonable doubt that the defendant you are considering agreed that some members of the conspiracy would commit at least two of the acts of racketeering as described in Count One, and that they were separate acts. You must also find that those acts were in some way "related" to each other and that there was "continuity" between them.

Acts are "related" to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics, or are part of the affairs of the same enterprise.

There is "continuity" between acts if, for example, they are ongoing over a substantial period of time, or had the potential to continue over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count One, the government does not have to prove that any racketeering acts were actually committed at all, or that the defendant agreed to personally commit any such acts, or that the defendant agreed that two or more specific acts would be committed.

In this case, the only offense that is alleged to constitute an "act of racketeering" is wire fraud affecting a financial institution. No other offense can qualify as an act of racketeering in this case.

## Count One: Second Element—Enterprise

The term "enterprise" can include a group of people or legal entities associated together for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal.

In considering whether a group is an "enterprise," you may consider whether it has an ongoing organization or structure, either formal or informal, and whether the various members of the group functioned as a continuing unit. A group may continue to be an "enterprise" even if it changes membership by gaining or losing members over time.

The government must prove that the group described in the indictment was the "enterprise" charged but need not prove each and every allegation in the indictment about the enterprise or the manner in which the enterprise operated. The government need not prove that the association had any form or structure beyond the minimum necessary to conduct the charged pattern of racketeering.

## Count One: Third Element—Interstate Commerce

"Interstate commerce" includes the movement of money, goods, services or persons from one state to another or between another country and the United States. This would include the purchase or sale of goods or supplies to or from outside of New York, the use of interstate mail or wire facilities, or causing the use of interstate mail or wire facilities. If you find beyond a reasonable doubt that either (a) the charged enterprise (that is, the JPMorgan Precious Metals Desk) made, purchased, sold, or moved goods or services that had their origin or destination outside of New York; or (b) the actions of the JPMorgan Precious Metals Desk affected in any degree the movement of money, goods, or services across state lines, then interstate commerce was engaged in or affected.

The government need only prove that the JPMorgan Precious Metals Desk as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

## Count Two: Conspiracy to Commit Price Manipulation, Wire Fraud Affecting a Financial Institution, Commodities Fraud, and Spoofing

Count Two of the indictment charges the defendants with conspiracy to commit price manipulation, wire fraud affecting a financial institution, commodities fraud, and spoofing. In order for you to find the defendant you are considering guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

> 1. The conspiracy as charged in Count Two existed;

> 2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

> 3. One of the conspirators committed an overt act in an effort to advance one or more objective of the conspiracy.

An t is any act done to carry out the goals of the conspiracy. The government is not required to prove all of the overt acts charged in the indictment. The overt act may itself be a lawful act.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant that you are considering guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant that you are considering not guilty.

**Count Two: First and Second Elements – Definition of Conspiracy and Membership in a Conspiracy**

I previously defined "conspiracy" and provided you with instructions on how to decide whether a conspiracy existed and whether a defendant joined the conspiracy (on pages 25 and 26 of these instructions). You will need to refer to and should follow those instructions in your deliberations on Count Two of the indictment.

**Count Two: First and Second Elements – Objects of the Conspiracy**

The objects of the conspiracy alleged in Count Two were to commit price manipulation, wire fraud affecting a financial institution, commodities fraud, and spoofing. I will explain those crimes and their respective elements, which are charged in Counts Three through Twenty-Seven of the indictment.

### Count Two: First Element—Unanimity on Objects of the Conspiracy

Count Two charges that each of the defendants was a member of a conspiracy with four distinct objectives. The government is not required to prove that the defendant you are considering agreed to pursue all four of the objectives alleged in Count Two in order to prove that a conspiracy existed. However, the government is required to prove beyond a reasonable doubt that the defendant you are considering agreed to pursue at least one of these four objectives. To find that the government has proven this, you must agree unanimously on which particular objective or objectives the defendant agreed to pursue, as well as all of the other elements of the crime charged.

For example, if some of you were to find that the government has proved beyond a reasonable doubt that the defendant agreed to engage only in spoofing, and the rest of you were to find that the government has proved beyond a reasonable doubt that the defendant you are considering agreed to engage only in wire fraud, then there would be no unanimous agreement as to which object of the conspiracy the government has proved.

On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant you are considering agreed to engage in spoofing, then there would be a unanimous agreement on which object of the conspiracy the government proved.

### Count Two: Time Frame for Two Objects of the Conspiracy

As I previously stated, the conspiracy charged in Count Two has four objectives: price manipulation, wire fraud affecting a financial institution, commodities fraud, and spoofing.

However, because the specific commodities-fraud law charged in this case (and described in these instructions starting on page 50 was not made effective by Congress until May 20, 2009, there could be no conspiracy to violate that specific commodities-fraud law before that date. So if you find that the only proven objective of the conspiracy charged in Count Two is commodities fraud, then in order to return a verdict of guilty on that count, you would further need to find that the commodities-fraud conspiracy existed after May 20, 2009, and that the defendant you are considering was a member of that conspiracy after May 20, 2009. In making those decisions, you may consider conduct that happened before May 20, 2009, but limited solely to the extent that the conduct directly explains the nature of any relationships, state of mind, or conduct that happened after May 20, 2009. To repeat, however, if the commodities-fraud object is the only proven conspiracy for Count Two, then the government is required to prove that the defendant you are considering was a member of the alleged conspiracy after May 20, 2009.

Similarly, because the specific spoofing law charged in this case (and described in these instructions starting on page 58) was not made effective by Congress until July 16, 2011, there could be no conspiracy to violate that specific spoofing law before that date. So if you find that the only proven objective of the conspiracy charged in Count Two is spoofing, then in order to return a verdict of guilty on that count, you would further need to find that the spoofing conspiracy existed after July 16, 2011, and that the defendant you are considering was a member of that conspiracy after July 16, 2011. In making those decisions, you may consider conduct that happened before July 16, 2011, but limited solely to the extent that the conduct directly explains the nature of any relationships, state of mind, or conduct that happened after July 16, 2011. To repeat, however, if the spoofing object is the only proven conspiracy for Count Two, then the government is required to prove that the defendant you are considering was a member of the alleged conspiracy after July 16, 2011.

### Counts Three and Four: Attempted Price Manipulation

Count Three charges Mr. Smith, and Count Four charges Mr. Nowak, with attempted price manipulation. In order for you to find the defendant you are considering guilty of attempted price manipulation, the government must prove the following two elements beyond a reasonable doubt:

> 1.  The defendant intended to create an artificial price for a commodity or for a contract for a commodity for future delivery; and
>
> 2.  The defendant knowingly took a substantial step toward creating an artificial price for a commodity or for a contract for a commodity for future delivery.

If you find from your consideration of all of the evidence that the government has failed to prove either of these elements beyond a reasonable doubt with respect to the defendant you are considering, then you should find that defendant not guilty on the applicable count of the indictment.

If, on the other hand, you find from your consideration of all the evidence that the government has proved both of these elements beyond a reasonable doubt with respect to the defendant you are considering, then you should find that defendant guilty on the applicable count of the indictment.

**Counts Three and Four: First Element—Intent to Create an Artificial Price**

A person acts with the "intent to create an artificial price" if he had the purpose or conscious object of causing or effecting a price or price trend in the market that did not reflect the actual forces of supply and demand.

**Counts Three and Four: Second Element—Substantial Step**

A person attempts to commit price manipulation if he (1) knowingly takes a substantial step toward creating an artificial price with (2) the intent to create an artificial price. The substantial step must be an act that strongly corroborates that the defendant you are considering intended to create the artificial price.

## Counts Three and Four: Timing Requirement

### *Count Three Trading Sequences—Mr. Smith*

In order for you to find Mr. Smith guilty of attempted price manipulation as charged in Count Three, the government must prove beyond a reasonable doubt that he committed each of the elements of attempted price manipulation in at least one trading sequence in Paragraphs 30(n)–30(q), that is, in at least one trading sequence that happened on or after February 1, 2014. In addition, you must agree unanimously on which particular trading sequence is the basis for a guilty verdict.

### *Count Four Trading Sequences—Mr. Nowak*

In order for you to find Mr. Nowak guilty of attempted price manipulation as charged in Count Four, the government must prove beyond a reasonable doubt that he committed each of the elements of attempted price manipulation in at least one trading sequence in Paragraphs 31(n) or 31(o), that is, in at least one trading sequence that happened on or after February 1, 2014. In addition, you must agree unanimously on which particular trading sequence is the basis for a guilty verdict.

## Counts Five Through Twenty-Two: Wire Fraud Affecting a Financial Institution

Counts Five through Twelve of the indictment charge Mr. Smith with wire fraud affecting a financial institution. Counts Thirteen through Twenty-Two of the indictment charge Mr. Nowak with wire fraud affecting a financial institution. In order for you to find the defendant you are considering guilty on a count charging wire fraud affecting a financial institution, the government must prove each of the following five elements beyond a reasonable doubt as to that count:

1. The defendant knowingly devised or participated in a scheme to defraud, as charged in the particular count of the indictment;

2. The defendant did so with the intent to defraud;

3. The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise;

4. For the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate or international wire communications to take place in the manner charged in the particular count; and

5. The scheme affected a financial institution.

As you have heard, the parties have entered into a stipulation as to the fifth elements.

If you find from your consideration of all the evidence, including the parties' stipulations, that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant you are considering guilty as to that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant you are considering not guilty of that count.

**Counts Five Through Twenty-Two: First Element – Definition of "Know-ingly"**

I previously defined "knowingly" (on page 28 of these instructions). These instructions apply equally to Counts Five through Twenty-Two.

### Counts Five Through Twenty-Two: First Element—Definition of "Scheme to Defraud"

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A "scheme to defraud" is a scheme that (1) is intended to deceive or cheat another and (2) is intended to obtain money or property from the alleged victims or cause the potential loss of money or property to the alleged victims by means of materially false or fraudulent pretenses, representations, or promises.

A materially false or fraudulent pretense, representation, or promise may be accomplished by an omission or the concealment of material information.

**Counts Five Through Twenty-Two: First Element—Proof of Scheme**

In considering whether the government has proven a scheme to defraud, the government must prove that one or more of the false or fraudulent pretenses, representations, or promises charged in the part of the indictment describing the scheme be proved beyond a reasonable doubt. The government, however, is not required to prove all of them. However, to find that the government has proven this element, you must agree unanimously on which particular false or fraudulent pretense, representation, or promise that the defendant made.

In addition, for Mr. Smith, the government must prove beyond a reasonable doubt that he devised or participated in a scheme to defraud that existed after February 1, 2009.

Likewise, for Mr. Nowak, the government must prove beyond a reasonable doubt that he devised or participated in a scheme to defraud that existed after February 1, 2009.

**Counts Five Through Twenty-Two: Definition of "Intent to Defraud"**

A person acts with "intent to defraud" if he acts knowingly with the intent to deceive or cheat the alleged victim in order to obtain money or property from the alleged victim or to cause the potential loss of money or property to the alleged victim.

### Counts Five Through Twenty-Two: Third Element—Materially False or Fraudulent Pretense, Representation, or Promise

A false or fraudulent pretense, representation, promise, omission, or concealment is "material" if it has a natural tendency to influence the decision of the alleged victim to whom it was addressed.

It is not necessary that the false or fraudulent pretense, representation, promise, omission, or concealment actually have that influence or be relied on by the alleged victim, as long as it is has the natural tendency to do so.

## Success Not Required

The wire fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

The government need not prove that the scheme to defraud actually succeeded.

**Counts Five Through Twenty-Two: Fourth Element—Wire Communication**

Electronic order messages, telephone calls, e-mails, instant messages, text messages, and electronic filing of documents, as alleged in Counts Five through Twenty-Two, constitute transmissions by means of wire communication.

As you have heard, the parties have entered into a stipulation that relates to this fourth element.

### Use of Interstate Communication Facility

The government must prove that interstate or international communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme.

In order to cause interstate or international wire communications to take place, a defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that a defendant knew that the wire communication was of an interstate or international nature.

The defendant need not actually or personally use interstate or international communication facilities.

Although an item communicated interstate or internationally need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.

In connection with whether a wire transmission was made, you may consider evidence of the habit or the routine practice of an organization.

As you have heard, the parties have entered into a stipulation that relates to this fourth element.

**Counts Twenty-Four and Twenty-Five: Commodities Fraud**

Count Twenty-Four of the indictment charges Mr. Smith, and Count Twenty-Five charges Mr. Nowak, with commodities fraud. In order for you to find the defendant you are considering guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1. The defendant knowingly devised or participated in a scheme to defraud, as described in the particular count of the indictment; and

2. The defendant did so with the intent to defraud; and

3. The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

4. The scheme to defraud was in connection with a commodity for future delivery.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant you are considering guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find that defendant not guilty of that charge.

### Counts Twenty-Four and Twenty-Five: Unanimity of Specific Acts

Count Twenty-Four charges Mr. Smith with committing commodities fraud between May 20, 2009, and June 2015. The government is not required to prove that the defendant made every one of the alleged misrepresentations in Count Twenty-Four. However, the government is required to prove that the defendant made at least one of the alleged misrepresentations in Count Twenty-Four. To find that the government has proven this, you must agree unanimously on which particular misrepresentation that the defendant made, as well as all on the other elements of the crime charged.

Count Twenty-Five charges Mr. Nowak with committing commodities fraud between May 20, 2009, and April 2014. The government is not required to prove that the defendant made every one of the alleged misrepresentations in Count Twenty-Five. However, the government is required to prove that the defendant made at least one of the alleged misrepresentations in Count Twenty-Five. To find that the government has proven this, you must agree unanimously on which particular misrepresentation that the defendant made, as well as all on the other elements of the crime charged.

### Relevant Date Considerations for Counts Twenty-Four and Twenty-Five

In order for you to find the defendant you are considering guilty of commodities fraud as charged in Counts Twenty-Four and Twenty-Five, you must find that the defendant engaged in the crime in at least one of the trading sequences on or after February 1, 2013.

51

**Counts Twenty-Four and Twenty-Five: Second Element—Intent to Defraud; Knowingly**

I previously defined "intent to defraud" (on page 45 of these instructions) and "knowingly" (on page 28). These definitions apply equally to commodities fraud.

**Counts Twenty-Four and Twenty-Five: Third Element – Materially False or Fraudulent Pretense, Representation, or Promise**

I previously provided you an instruction on what it means for a false or fraudulent pretense, representation, or promise to be material (on page 46) of these instructions). That instruction applies equally to commodities fraud.

### Definition of "Scheme to Defraud"

I previously provided you instructions on the definition of "scheme to defraud" (on page 43 of these instructions). These instructions apply equally to commodities fraud.

**Counts Twenty-Four and Twenty-Five: Fourth Element—Commodity**

A "commodity" is a good or resource that is fungible, meaning that at a given point in time, the market treats all equivalent quantities of the good or resource as having equal or near-equal value.

A scheme to defraud is in connection with any commodity for future delivery if it coincided with or touched upon a commodity futures transaction.

## Success Not Required

The commodities fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

The government need not prove that the scheme to defraud actually succeeded.

### Wire Fraud and Commodities Fraud Distinguished from Spoofing and Rules Violations

You have heard evidence of compliance policies issued by JPMorgan Chase and evidence of rules issued by the CME and the CFTC. You have also heard evidence about a practice called spoofing, which is defined as placing an order to buy or sell with the unconditional intent to cancel the order before it is filled.

Even if there is evidence that a defendant violated any compliance policies, CME rules, or CFTC rules, that violation would not, standing alone, be sufficient to convict a Defendant. A bank's compliance policies, the rules of the CME, and the rules of the CFTC are not necessarily the same as federal law governing the alleged criminal offenses. So even if you were to find that a Defendant violated a compliance policy or rule, that does not necessarily mean that there was a violation of the law. Additionally, evidence that a defendant engaged in spoofing, standing alone, is not sufficient to convict the defendant you are considering as charged in Counts One through Twenty-Five.

These instructions that I am giving to you comprise the federal law that you are to apply. You must apply the law I have given you and the government must prove violations of these laws beyond a reasonable doubt.

### Counts Twenty-Six and Twenty-Seven: Spoofing—Elements

Count Twenty-Six charges Mr. Smith with spoofing from July 16, 2011, until June 2015. Count Twenty-Seven charges Mr. Nowak with spoofing from July 16, 2011, until April 2014.

In order for you to find a defendant guilty of a charge of spoofing, the Government must prove the following two elements beyond a reasonable doubt:

1. The defendant engaged in any trading, practice, or conduct, on and subject to the rules of CME Group's Commodities Exchanges (that is, COMEX and NYMEX), that was spoofing; and

2. The defendant acted knowingly.

In order for you to find the defendant guilty of spoofing, the Government must prove beyond a reasonable doubt that, at the time the defendant entered the bids or offers specified in the Count, he had the unconditional purpose to cancel the entire bid or offer before it was executed. It is not sufficient for the Government to prove only that the defendant knew or should have known that the consequence – that is, cancellation of the bid or offer before execution – was substantially likely to occur.

The government must also prove beyond a reasonable doubt that the defendant did not place the bid or offer as part of a legitimate, good-faith attempt to execute at least part of that bid or offer.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant you are considering guilty on the applicable count.

If, on the other hand, you find from your consideration of all of the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant you are considering not guilty on the applicable count.

### Counts Twenty-Six and Twenty-Seven: Definition of Spoofing

"Spoofing" is the practice of bidding or offering with, at the time that the order was placed, the unconditional intent to cancel the bid or offer before execution. In order for you to find the defendant you are considering guilty of spoofing, the government must prove beyond a reasonable doubt that, at the time the defendant entered the bids or offers specified in the particular Count, he had the purpose to cancel the entire bid or offer before it was executed. It is not sufficient for the government to prove only that the consequence—that is, cancellation of the bid or offer before execution—was substantially likely to occur.

The government must prove beyond a reasonable doubt that the defendant you are considering did not place, the bid or offer as part of a legitimate, good-faith attempt to execute at least part of that bid or offer.

## Definition of Knowingly

I previously defined "knowingly" (on page 28 of these instructions). These instructions apply equally to Counts Twenty-Six and Twenty-Seven.

**Relevant Date Considerations for Counts Twenty-Six and Twenty-Seven**

### *Count Twenty-Six Trading Sequences – Mr. Smith*

In order for you to find Mr. Smith guilty of spoofing as charged in Count Twenty-Six, you must find that the defendant committed the crime in at least one of the trading sequences that happened on or after February 1, 2014, specifically the sequences in Paragraphs 30(n) through 30(q). In addition, you must agree unanimously on which particular trading sequence is the basis for your guilty verdict.

### *County Twenty-Seven Trading Sequences – Mr. Nowak*

In order for you to find Mr. Nowak guilty of spoofing as charged in Count Twenty-Seven, you must find that the defendant committed the crime in at least one of the trading sequences that happened on or after February 1, 2014, specifically the sequences in Paragraphs 31(n) or 31(o). In addition, you must agree unanimously on which particular trading sequence is the basis for your guilty verdict.

### CFTC and CME Investigations

You have heard evidence of a separate civil investigation by the U.S. Commodity Futures Trading Commission (CFTC) into complaints about silver prices. You have also heard evidence of a separate civil investigation by the Chicago Mercantile Exchange (CME) on spoofing. The CFTC and CME's separate investigations were not part of the Department of Justice's investigation that led to the prosecution in this case, and the complaints about silver prices are not at issue in this case. For your background information, the CFTC and CME closed the inquiries without bringing claims against any company or person. You should not otherwise consider the conclusion of these investigations in your deliberations

I have given you the federal law that you are to apply in these instructions. You must apply the law I have given you and the government must prove violations of those laws beyond a reasonable doubt.

## Punishment

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

**Jury Deliberations**

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or about your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, Instagram, TikTok, Snapchat, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the Court Security Officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

**Verdict Forms**

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict forms.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict forms. Each of you will sign them.

Advise the Court Security Officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

### Unanimity/Disagreement Among Jurors

The verdict must represent the considered judgment of each juror. Your verdict on each count, whether it is not guilty or guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

All of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are the impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.